UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTIAN CARRASQUILLO, ORLANDO CARTAGENA, WILLIAM TORRES, and MICHAEL AVEILLE,<br><br>Plaintiffs,<br><br>v.<br><br>EAGLE SUMMIT APARTMENTS LLC, EAGLE LANDING OF ORLANDO LLC, EAGLE BEND APARTMENTS, LLC LOHMAN APARTMENTS LLC, and DEL SOL PROPERTY MANAGEMENT<br><br>Defendants. | Case No.: |

## - <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> -

Plaintiffs CHRISTIAN CARRASQUILLO, ORLANDO CARTAGENA MICHAEL AVEILLE, and WILLIAM TORRES, by and through the undersigned counsel, hereby file this Complaint against the above-named Defendants, EAGLE SUMMIT APARTMENTS LLC, EAGLE LANDING OF ORLANDO LLC, EAGLE BEND APARTMENTS, LLC, LOHMAN APARTMENTS LLC, and DEL SOL PROPERTY MANAGEMENT.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiffs Christian Carrasquillo, Orlando Cartagena, Michael Aveille, and William Torres (hereafter "Plaintiffs")

against their former employers, Defendants EAGLE SUMMIT APARTMENTS LLC, EAGLE LANDING OF ORLANDO LLC, EAGLE BEND APARTMENTS, LLC, LOHMAN APARTMENTS LLC, and DEL SOL PROPERTY MANAGEMENT (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiffs' employment, Defendants engaged in the practice of not including overtime hours in Plaintiffs' regular checks, and thus, Plaintiffs' overtime hours worked were, for the most part, not compensated. Additionally, Defendants failed to compensate Plaintiffs for travel time during on-call hours.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Orange County has the closest nexus with the cause because it is where Plaintiffs provided services and Defendants conducted business.

## PARTIES

5. Plaintiff CHRISTIAN CARRASQUILLO, a resident of Osceola County, was a former employee of Defendants who worked mainly at a rental

apartment complex known as EAGLE SUMMIT APARTMENTS, LLC located in Orlando, Florida.

6. EAGLE SUMMIT APARTMENTS are located at 3024 Rio Grande Ave, Orlando, FL 32805.

7. Defendant EAGLE SUMMIT APARTMENTS LLC is a limited liability company organized and existing under and by virtue of the laws of the state of Florida.

8. Plaintiff CHRISTIAN CARRASQUILLO also worked at EAGLE LANDING OF ORLANDO LLC.

9. EAGLE LANDING OF ORLANDO LLC is an apartment rental complex located at 4500 Silver Star Road, Orlando, FL 32808.

10. Defendant EAGLE LANDING OF ORLANDO LLC is a limited liability company organized and existing under and by virtue of the laws of the state of Florida.

11. Plaintiff ORLANDO CARTAGENA, a resident of Orange County, was a former employee of Defendants who worked mainly at a rental apartment complex known as EAGLE LANDING OF ORLANDO LLC.

12. Plaintiff ORLANDO CARTAGENA also worked at EAGLE SUMMIT APARTMENTS, and EAGLE BEND APARTMENTS, LLC.

13. EAGLE BEND APARTMENTS, LLC principal address is 4757 Silver Star Road Orlando, Florida 32808.

14. Defendant EAGLE BEND APARTMENTS LLC is a limited liability company organized and existing under and by virtue of the laws of the state of Florida.

15. Plaintiff WILLIAM TORRES, a resident of Orange County, was a former employee of Defendants who worked mainly at a rental apartment complex known as EAGLE LANDING OF ORLANDO LLC.

16. Plaintiff WILLIAM TORRES also worked at EAGLE SUMMIT APARTMENTS, and EAGLE BEND APARTMENTS, LLC.

17. Plaintiff MICHEL AVEILLE, a resident of Orange County, was a former employee of Defendants who worked at a rental apartment complex known as EAGLE LANDING OF ORLANDO, but also rotated shifts in in EAGLE SUMMIT APARTMENTS, and EAGLE BEND APARTMENTS, LLC.

18. Defendant LOHMAN APARTMENTS LLC. owns, operates, manages and controls Eagle Summit Apartments LLC, Eagle Landing of Orlando LLC, and. Eagle Bend Apartments LLC.

19. Defendant LOHMAN APARTMENTS LLC issues overtime, record-keeping, pay policies and Manuals for employees such as Plaintiffs, it controlled the terms and conditions of Plaintiffs' employment, directed their work, established their hours of work and pay, and established the payroll practices by virtue of which Plaintiffs were paid.

20. Defendant LOHMAN APARTMENTS LLC is a Limited Liability Company organized and existing under and by virtue of the laws of the state of Florida with principal address at 4255 Barwood Dr. Orlando, Florida 32839.

21. Defendants LOHMAN APARTMENTS LLC. and EAGLE SUMMIT APARTMENTS LLC share the same registered agent, Lohman Property Mgt Co., LLC.

22. Upon information and belief, Defendant DEL SOL PROPERTY MANAGEMENT is an unregistered fictitious name under which Co-Defendant EAGLE LANDING OF ORLANDO LLC did business and hired several of the Plaintiffs.

23. Defendant DEL SOL PROPERTY MANAGEMENT issued the employment applications of several of the Plaintiffs and therefore hired them.

24. Defendant DEL SOL PROPERTY MANAGEMENT uses EAGLE LANDING's address 4500 Silver Star Rd, Orlando, FL 32808.

25. Defendant DEL SOL PROPERTY MANAGEMENT is an alter-ego of EAGLE LANDING OF ORLANDO LLC.

26. LOHMAN APARTMENTS LLC, EAGLE SUMMIT APARTMENTS LLC, EAGLE LANDING OF ORLANDO LLC, EAGLE BEND APARTMENTS LLC, and DEL SOL PROPERTY MANAGEMENT were all Plaintiffs' joint employers and had inter-related operations

27. Defendants jointly determined, shared, and/or allocated the ability to direct, control, and/ or supervise Plaintiffs.

28. Defendants jointly determined, shared, and/or allocated the power to modify Plaintiffs' terms or conditions of employment.

## COVERAGE

29. Defendants EAGLE SUMMIT APARTMENTS LLC, EAGLE LANDING OF ORLANDO LLC, EAGLE BEND APARTMENTS, LLC, LOHMAN APARTMENTS LLC, and DEL SOL PROPERTY MANAGEMENT were enterprises engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

30. Upon information and belief, Defendants' individual annual gross volume of sales exceeded $500,000/year at all relevant times.

31. Defendants EAGLE SUMMIT APARTMENTS LLC, EAGLE LANDING OF ORLANDO LLC, EAGLE BEND APARTMENTS, LLC, LOHMAN APARTMENTS LLC, and DEL SOL PROPERTY MANAGEMENT are each employers within the definition of the FLSA, 29 U.S.C. § 203.

32. During the term of their employment, Plaintiffs were engaged in commerce and were therefore subject to the individual coverage of the FLSA, 29 U.S.C. § 206.

33. The services performed by Plaintiffs were essential, necessary, and an integral part of the business conducted by Defendants.

34. Plaintiffs were covered employees for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

**Christian Carrasquillo**

35. Plaintiff CHRISTIAN CARRASQUILLO was employed by Defendants from March 2016 to January 2017, and worked mainly and at EAGLE SUMMIT APARTMENTS LLC. However, at times, he worked at other locations of the named Defendants' apartment complexes.

36. Defendant EAGLE SUMMIT APARTMENTS LLC issued payroll checks to Plaintiff CHRISTIAN CARRASQUILLO.

37. The Employee Manual given to Plaintiff CHRISTIAN CARRASQUILLO (which established terms and conditions of employment) was issued by Defendants LOHMAN APARTMENTS LLC.

38. Plaintiff CHRISTIAN CARRASQUILLO held a maintenance position at the time of separation.

39. Plaintiff CHRISTIAN CARRASQUILLO's duties included maintenance and repairs of apartments.

40. Plaintiff CHRISTIAN CARRASQUILLO was an hourly employee.

41. Plaintiff CHRISTIAN CARRASQUILLO's last hourly rate was $11.00 per hour.

42. During his employment with Defendant, Plaintiff CHRISTIAN CARRASQUILLO was classified as non-exempt.

43. Plaintiff CHRISTIAN CARRASQUILLO did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

44. During the period covered by the employment, Plaintiff CHRISTIAN CARRASQUILLO worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

45. Prior to the completion of discovery and to the best of Plaintiff CHRISTIAN CARRASQUILLO's knowledge, it is estimated that CHRISTIAN CARRASQUILLO worked 15-18 hours of overtime during non on-call weeks and 30 hours of overtime during on-call weeks.

46. Plaintiff CHRISTIAN CARRASQUILLO's overtime and travel time hours were usually omitted from his payroll checks.

47. Defendants kept a separate accounting and bookkeeping of overtime and on-call hours.

48. Defendants were aware that Plaintiff CHRISTIAN CARRASQUILLO was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

49. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

50. Plaintiff CHRISTIAN CARRASQUILLO's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516.

51. The accuracy, completeness, and sufficiency of such records is at issue at this time since the time records did not state real hours worked.

**Orlando Cartagena**

52. Plaintiff ORLANDO CARTAGENA was employed by Defendants from November 2016 to January 2017 at different apartment rental complexes owned by Defendants including Eagle Summit, Eagle Bend, and Eagle Landing.

53. Defendant DEL SOL PROPERTY MANAGEMENT issued payroll checks to Plaintiff ORLANDO CARTAGENA.

54. Plaintiff ORLANDO CARTAGENA held a maintenance and supervisory position at the time of separation.

55. Plaintiff ORLANDO CARTAGENA's primary duties were maintenance and repairs of apartments.

56. Plaintiff ORLANDO CARTAGENA was misclassified as exempt.

57. Defendant did not include payroll deductions in Plaintiff ORLANDO CARTAGENA's checks.

58. Upon information and belief, Plaintiff ORLANDO CARTAGENA was misclassified as an independent contractor.

59. Plaintiff ORLANDO CARTAGENA's last hourly rate was $15.00 per hour.

60. Plaintiff ORLANDO CARTAGENA did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

61. During the period covered by the employment, Plaintiff ORLANDO CARTAGENA worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

62. Prior to the completion of discovery and to the best of Plaintiff ORLANDO CARTAGENA's knowledge, it is estimated that Plaintiff ORLANDO CARTAGENA worked 36 hours of overtime a week.

63. Plaintiff ORLANDO CARTAGENA's overtime and travel time hours were usually omitted from his payroll checks.

64. During Plaintiff ORLANDO CARTAGENA's employment, Defendants kept a separate accounting and bookkeeping of overtime and on-call hours.

65. Defendants were aware that Plaintiff ORLANDO CARTAGENA was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

66. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

67. Plaintiff ORLANDO CARTAGENA's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516.

68. The accuracy, completeness, and sufficiency of such records is at issue at this time since the time records did not state real hours worked.

**William Torres**

69. Plaintiff WILLIAM TORRES was employed by Defendants from November 2016 to January 2017 mainly at EAGLE LANDING. However, Plaintiff also worked at Eagle Summit and Eagle Bend.

70. Plaintiff WILLIAM TORRES completed an employment application issued by DEL SOL PROPERTY MANAGEMENT.

71. Defendant DEL SOL PROPERTY MANAGEMENT issued payroll checks to Plaintiff WILLIAM TORRES.

72. Plaintiff WILLIAM TORRES held a maintenance position at the time of separation.

73. Plaintiff WILLIAM TORRES' duties included maintenance and repairs of apartments.

74. Plaintiff WILLIAM TORRES was an hourly employee.k

75. Plaintiff WILLIAM TORRES' last hourly rate was $13.00 per hour.

76. During his employment with Defendants, Plaintiff WILLIAM TORRES was classified as non-exempt.

77. Plaintiff WILLIAM TORRES did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

78. Defendants did not include payroll deductions in Plaintiff WILLIAM TORRES' checks.

79. Upon information and belief, Plaintiff WILLIAM TORRES was misclassified as an independent contractor.

80. During the period covered by the employment, Plaintiff WILLIAM TORRES worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

81. Prior to the completion of discovery and to the best of Plaintiff WILLIAM TORRES' knowledge, it is estimated that Plaintiff WILLIAM TORRES worked 20-30 hours of weekly overtime, excluding travel time.

82. Plaintiff WILLIAM TORRES' overtime and travel time hours were usually omitted from his payroll checks.

83. Defendants kept a separate accounting and bookkeeping of overtime and on-call hours.

84. Defendants were aware that Plaintiff WILLIAM TORRES was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

85. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

86. Plaintiff WILLIAM TORRES' time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516.

87. The accuracy, completeness, and sufficiency of such records is at issue at this time since the time records did not state real hours worked.

**Michael Aveille**

88. Plaintiff MICHAEL AVEILLE was employed by Defendants from November 2016 to January 2017 mainly at EAGLE LANDING. However, Plaintiff MICHAEL AVEILLE also worked at Eagle Summit and Eagle Bend.

89. Plaintiff MICHAEL AVEILLE completed an employment application issued by DEL SOL PROPERTY MANAGEMENT.

90. Defendant DEL SOL PROPERTY MANAGEMENT issued payroll checks to Plaintiff MICHAEL AVEILLE.

91. Plaintiff MICHAEL AVEILLE held a maintenance position at the time of separation.

92. Plaintiff MICHAEL AVEILLE's duties included maintenance and repairs of apartments.

93. Plaintiff MICHAEL AVEILLE was an hourly employee.

94. Plaintiff MICHAEL AVEILLE's last hourly rate was $12.00 per hour.

95. During his employment with Defendant, Plaintiff MICHAEL AVEILLE was classified as non-exempt.

96. Plaintiff MICHAEL AVEILLE did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

97. Defendant did not include payroll deductions in Plaintiff MICHAEL AVEILLE's checks.

98. Upon information and belief, Plaintiff MICHAEL AVEILLE was misclassified as an independent contractor.

99. During the period covered by the employment, Plaintiff MICHAEL AVEILLE worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

100. Prior to the completion of discovery and to the best of Plaintiff MICHAEL AVEILLE's knowledge, it is estimated that Plaintiff MICHAEL AVEILLE worked 25-30 hours of weekly overtime.

101. Plaintiff MICHAEL AVEILLE's overtime hours were usually omitted from his payroll checks.

102. Defendants kept a separate accounting and bookkeeping of overtime and on-call hours worked by MICHAEL AVEILLE.

103. Defendants were aware that Plaintiff MICHAEL AVEILLE was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

104. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

105. Plaintiff MICHAEL AVEILLE's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516.

106. The accuracy, completeness, and sufficiency of such records is at issue at this time since the time records did not state real hours worked.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

107. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 106 above.

108. Defendants failed to pay Plaintiffs properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

109. Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) in a workweek.

110. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

111. Plaintiffs request a jury trial to the extent authorized by law.

Dated: March 14, 2017.  Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

**s/ Cynthia Gonzalez**
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff

**s/ Luis R. Amadeo**
Luis R. Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff